IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAHAD SAMATAR,**

    **Petitioner,**

    **v.**                                   Case No. 2:04-cv-1108
                                                             **JUDGE FROST**
**MARK CLARRIDGE, Warden,**           **MAGISTRATE JUDGE KING**

    **Respondent.**

**OPINION AND ORDER**

On February 16, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Doc. No. 17. Petitioner has objected to every point made in the Magistrate Judge's *Report and Recommendation,* including the denial of his request for discovery and for an evidentiary hearing. Doc. No. 18. Additionally, petitioner objects to the Magistrate Judge's refusal to consider the affidavit of Dr. Alfred Staubus in support of his claim of ineffective assistance of counsel. The Court will consider *de novo* the *Report and Recommendation* and petitioner's objections thereto. *See* 28 U.S.C. §636(b).

As noted by the Magistrate Judge, the state courts refused to consider Staubus' affidavit, which was presented for the first time in petitioner's petition for post conviction relief, because petitioner's claim of ineffective assistance of counsel had been considered on direct appeal and consideration of the same issue in post conviction was barred under Ohio's doctrine of *res judicata.* The state courts also reasoned that petitioner failed to present Staubus' affidavit in his motion for a new trial, when he had the opportunity to do so. *See Report and Recommendation*, at 21-22. Petitioner now argues that the state courts improperly applied the doctrine of *res judicata* to bar consideration of Staubus' affidavit and his post conviction claim of ineffective assistance of counsel,

since he was represented by the same attorney at trial and in his motion for a new trial, and could not have submitted new evidence in support of his ineffective assistance claim on direct appeal. *Objections*, at 15.  This Court is not persuaded by petitioner's argument.  Petitioner's claim derives from his allegation that the scientific evidence and testimony of the state's expert witness was flawed.  This same issue was raised by petitioner, through counsel, in his motion for a new trial, where he had the opportunity to request an evidentiary hearing and submit evidence in support of his claim.  Petitioner's ineffective assistance of counsel claim was considered, and rejected, on direct appeal.  As discussed in the *Report and Recommendation*, the state appellate court affirmed the trial court's denial of petitioner's post conviction petition as follows:

> In his first two assignments of error before this court, appellant asserts that he provided sufficient evidence with his petition for post-conviction relief to support his claims that trial counsel had been ineffective in the manner in which counsel handled Kiddon's testimony regarding the "no cathine" finding and counsel's failure to submit expert testimony contradicting Kiddon. Previously in his motion for a new trial, appellant submitted the affidavit of Dr. Kell in support of his theory that Kiddon's testimony was not credible and that counsel was ineffective for not presenting such evidence at trial. As found by the trial court, in its entry denying post-conviction relief, appellant raised these issues in his motion for new trial and they were rejected. Furthermore, on appeal before this court, these issues were raised and thoroughly addressed.
>
> Pursuant to the doctrine of *res judicata*, a defendant who was represented by counsel is barred from raising issues in a petition for post-conviction relief if the appellant raised or could have raised the issue at trial or on direct appeal.  *State v. Szefcyk* (1996), 77 Ohio St.3d 93. The fact that appellant now attaches additional evidence in support of his claims does not make the doctrine of *res judicata* inapplicable. Appellant cannot simply continue submitting additional evidence in support of his arguments on multiple occasions. As such, this court finds that the doctrine of *res judicata* does apply to appellant's first and second assignments of error and those assignments of error are hereby overruled.

Exhibit 30 to Return of Writ.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner.  For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** in this action.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge